■ In the Matter of MARION NOLAN, Appellant, v THOMAS J. NOLAN, Respondent. (And a Second Proceeding.) — In proceedings pursuant to article 4 of the Family Court Act, the wife appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Donovan, J.), entered August 1, 1982, as (1) directed the husband to pay only $849.03 in medical expenses and $190 in alimony arrears, and (2) reduced the husband's alimony payments from $150 per week to $10 per week. Order modified, on the law and the facts, by increasing the award for alimony arrears from $190 to $1,390. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The Family Court miscalculated the amount of alimony arrears due. Pursuant to the terms of a modified judgment of divorce the husband was ordered to pay alimony in the sum of $150 per week, which amounted to $7,800 per year. However, at the hearing, he admitted that in 1980 and 1981, he paid only $600 per month in alimony, except for one month when he only paid $410. The Family Court found that the $410 payment was insufficient, and awarded the wife $190. However, the Family Court erred in not also awarding the wife arrears of $600 per year for 1980 and 1981, a deficiency which the husband admitted at the hearing. Thus, the wife is entitled to an additional $1,200 in arrears. The order should be modified accordingly. We have examined the wife's remaining contentions and find them to be without merit. Thompson, J. P., O'Connor, Weinstein and Bracken, JJ., concur.

■ In the Matter of MARION SAGGESE, Appellant, v ALBERT SAGGESE, Respondent. — In a support proceeding in which the mother petitioned for arrears and a wage deduction order and the respondent father cross-petitioned for a downward modification of support, the mother appeals from an order of the Family Court, Nassau County (Collins, J.), dated October 1, 1981, which, after a hearing, *inter alia,* reduced the father's support obligation from $525 monthly to $70 per week. Order reversed, on the law and the facts, cross petition dismissed, and matter remitted to the Family Court, Nassau County, for further proceedings consistent herewith. The wage deduction order, dated October 1, 1981, shall stand pending the further proceedings. We believe it was error to reduce the father's support obligation to $70 per week. Although he testified that he was earning only $150 per week at the time of the hearing, the father described himself as an operating engineer and he had been earning $250 per week with the same employer just a short time before. What he did for $150 weekly was "estimating work, reading plans and putting jobs together bidding on work". In view of his extensive experience in the construction field and the highly responsible nature of his work, we find the testimony as to his income and his severe pay cut incredible. We also believe that the Family Court placed excessive restraints upon the cross-examination of the father concerning his assets. The order appealed from should be reversed and a new hearing held to determine the amount of arrears due and for the issuance, in the court's discretion, of an appropriate wage deduction order. Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.